**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4216**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES CHRISTOPHER GANN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:17-cr-00079-MR-DLH-1)

Submitted:  September 28, 2018                          Decided:  October 10, 2018

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Christopher Gann appeals his consecutive sentences imposed pursuant to his convictions for conspiracy to distribute and to possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2012) (Count 1), and use of physical force against a witness to prevent her communication with law enforcement about federal crimes, in violation of 18 U.S.C. § 1512(a)(2)(C) (2012) (Count 4). Gann pled guilty pursuant to a written plea agreement and was sentenced to consecutive terms of 240 months' imprisonment on Count 1, and 151 months' imprisonment on Count 4, with a total of 5 years of supervised release. On appeal, counsel for Gann filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of (1) the district court's imposition of consecutive sentences and (2) the total length of Gann's sentence. Gann did not file a supplemental pro se brief, despite notice of his right to do so. The government elected not to file a response to the *Anders* brief. We affirm the district court's judgment.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. *Id*. The district court is not required to "robotically tick through § 3553(a)'s every subsection." *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir.

2006). However, the district court "must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If a party asserts on appeal a claim of procedural sentencing error that it preserved before the district court, we review for abuse of discretion and will reverse unless we conclude that the error was harmless. *United States v. Lynn*, 592 F.3d 572, 576, 578 (4th Cir. 2010). We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion but review de novo whether the district court properly applied the relevant Guidelines. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995). District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose." *Setser v. United States*, 566 U.S. 231, 236 (2012). Indeed, courts have statutory discretion to impose consecutive or concurrent sentences. 18 U.S.C. § 3584(a) (2012). In exercising this discretion, a court is required to consider the factors set forth in § 3553(a). 18 U.S.C. § 3584(b) (2012). The Guidelines also offer direction to courts that must decide whether to run a sentence consecutively or concurrently. *See* U.S. Sentencing Guidelines Manual ("USSG") § 5G1.2 (2016). We have reviewed the record and relevant legal authorities and conclude that the district court did not commit reversible error in imposing consecutive sentences in the instant case.

Having determined that there is no significant procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Having reviewed the record, we are satisfied that

3

the district court did not abuse its discretion in determining that the § 3553(a) factors warranted a total sentence of 391 months.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Gann, in writing, of the right to petition the Supreme Court of the United States for further review. If Gann requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gann.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*